THOMSON v. GRADY et al.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

New Trial.

　　New trial moved for on the ground that the verdict was contrary to the law, and against the weight of evidence, "and on all the grounds specified by Code Civ. Proc. § 999," is improperly granted, the verdict being supported by the evidence, and no complaint being made of the charge or any error in the conduct of the trial.

Appeal from trial term, Kings county.

Action by Albert E. Thomson against Chris F. Grady and another. From an order setting aside and vacating a verdict and judgment for plaintiff, and granting a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Wayland E. Benjamin, for appellant.
Robert B. Bach, for respondents.

WOODWARD, J. This action was brought to recover possession of a certain horse known as "Charlie Ross," of which the plaintiff claimed to be the owner. The horse was taken on the writ of replevin issued in this action, and has since remained in possession of the plaintiff. There was a conflict of testimony, and the questions of fact were submitted to the jury after a charge by the learned court to which neither party offered objections, and the jury found in favor of the plaintiff. Aside from the formal exceptions to the refusal of the

court to dismiss the complaint at the close of the plaintiff's case, and again after the close of the testimony, there were only two exceptions during the trial, and neither of these appears to have any weight. After the jury had rendered its verdict, the defendants moved for a new trial "upon the ground that the verdict was contrary to law, and against the weight of evidence, and upon all the grounds specified by section 999 of the Code of Civil Procedure." The court reserved its decision, and some six weeks later, without the minutes of the trial having been written out for the use and information of the court or counsel, the verdict was set aside and a new trial granted. The learned trial justice handed down no opinion, nor does the order appealed from show the grounds on which the order was granted, as required by rule 31, and we are of opinion that the learned trial court erred in dealing with this case. The trial court correctly charged the jury upon the law of the case, and upon this appeal no well-grounded complaint is made of the charge or of any error in the conduct of the trial. The verdict of the jury seems well supported by the evidence. We are therefore at a loss to discover any reason why the verdict should have been set aside, and are of opinion that no consideration of justice is to be advanced by sustaining the order appealed from.

The order appealed from should be reversed, and the judgment entered upon the verdict should be restored.

Order reversed, and judgment directed to be entered for plaintiff on the verdict, with costs. All concur.